# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

RONALD A. POLK,

    *Plaintiff*,

v.

MONTCALM COUNTY 64B
DISTRICT COURT, and
ART SMITH

    *Defendants*.

                                 /

CASE NO. 14-13352

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff failed to follow this Court's order enjoining him from filing complaints without first asking leave of the Court.

### II.    REPORT

    **A.**    **Introduction**

On August 28, 2014, Plaintiff filed this pro se Complaint under 42 U.S.C. § 1983 against Montcalm County 64B District Court and Art Smith. He seems to allege that Defendants wrongfully withheld his Social Security Disability benefits in violation of 42 U.S.C. § 407 and violated the Fourteenth Amendment by extending his sentence solely because he was unable to pay restitution. (*See* Doc. 1 at 2-3.)

    **B.**    **Screening Procedure and Standards**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In 1996, Congress enacted a screening procedure, 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and that it *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### C. Abuse of *In Forma Pauperis* Statute

This is not the first complaint Plaintiff has brought before this Court. *See, e.g.*, *Polk v. Experian*, No 03-10282 (E.D. Mich. June 30, 2005); *Polk v. Kraus*, No. 04-CV-10053 (E.D. Mich. July 2, 2004); *Polk v. Shapero*, No. 04-10350 (E.D. Mich. Feb. 24, 2005). In *Polk v. Kraus*, Plaintiff claimed that when Huron Country District Judge Karl Kraus had been in private practice, he had failed to prevent Polk's father from becoming an alcoholic, and this failure allegedly caused the demise of Polk's father's business and eventually led to his death.

In May 2005, this Court enjoined Plaintiff "from filing any future lawsuits in this Court without first obtaining leave of Court." *Polk v. Geartner*, 04-CV-10368, 2005 WL 1459802, at *1 (E.D. Mich. May 13, 2005) (report and recommendation) *adopted by*, 04-10368-BC, 2005 WL 1529826 (E.D. Mich. June 21, 2005). Enjoining "prolific litigators" from filing complaints without leave from the court is the proper method for handling their complaints and does not violate the First Amendment. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Because Plaintiff did not follow the order of this Court and ask for leave before filing this Complaint, I suggest that he is "abusing the *in forma pauperis* statute and is unnecessarily draining the court's resources." *See Brittenham v. Adrian Regional Facility*, 10-12346, 2010 WL 2806524, at *2 (E.D. Mich. July 15, 2010). Therefore, I recommend that this Complaint be dismissed without prejudice. I also recommend that if Plaintiff wishes to bring a complaint to this Court in the future, he must present, in addition to the complaint, the following: (1) a motion for permission to file the pleading; (2) an affidavit demonstrating that his allegations have merit and are not repetitious of previous complaints; and (3) a copy of the Court's final order on this matter. *Cf. id.*

### D.    Conclusion

For the reasons set forth above I suggest the case be *sua sponte* **DISMISSED** because Plaintiff failed to follow this Court's order enjoining him from filing complaints without first asking leave of the Court.

### III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all

3

the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 12, 2014                /S PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date and served upon all counsel of record through the Court's CM/ECF system. A hard copy was also sent via first class mail to Ronald A. Polk, 5740 W. Curtis, Coleman, MI 48618.

Date: September 12, 2014        By s/Kristen Krawczyk
                                Case Manager Specialist

4